IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MILLER, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 05-cv-4077-JPG |
| vs. ) | |
| ) | CRIMINAL NO. 03-cr-40058 |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Petitioner entered an open plea to three counts stemming from a pharmacy robbery. On April 6, 2004, he was sentenced to an aggregate term of 121 months imprisonment, 3 years supervised release, restitution in the amount of $10,063.54, and a special assessment of $300. He did not file a direct appeal; therefore, his conviction was final on April 20, 2004. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003); he filed the instant motion on April 21, 2005.[1]

In this action, he argues that his sentence is invalidated by the recent Supreme Court cases of *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005). However, the Seventh Circuit already has held that these rulings do not apply retroactively to

---

[1] The proof of service indicates that this motion was mailed on April 14, 2005. Giving him the benefit of the mailbox rule, the Court finds that this motion was timely filed within the one-year statute of limitations. *See generally* FED.R.CIV.P. 25(a)(2)(C).

convictions that were final prior to the *Booker* decision of January 12, 2005.  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  *See also Guzman v. United States*, 404 F.3d 139, 144 (2nd Cir. 2005) (*Booker* does not apply retroactively on collateral review); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (same); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (same); *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir.  2005) (same); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (same).

Therefore, the sole ground presented by Petitioner does not entitle him to relief under Section 2255.  Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, and this action is **DISMISSED**.

**IT IS SO ORDERED.**

**Dated: March 9, 2006.**

    s/ J. Phil Gilbert
**U. S. District Judge**